IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JAMES H. SHORTZ,              )
                              )
     Plaintiff,               )
                              )
                              )  CIVIL ACTION NO.
     v.                       )  2:05cv83-MHT
                              )       (WO)
AUBURN UNIVERSITY AT          )
MONTGOMERY, et al.,           )
                              )
     Defendant.               )
```

OPINION AND ORDER

It is ORDERED that plaintiff James H. Shortz's motion for reconsideration (Doc. No. 95) is denied with the following additional comments.

Even if the magistrate judge was incorrect in concluding that Shortz's comments to his supervisors did not touch on matters of public concern, summary judgment was still appropriate as to the individual defendants based on their qualified-immunity defense--for it was not 'clearly established' that Shortz's comments touched on matters of public concern. The Fourth Circuit Court of Appeals recently reached the same conclusion under

similar circumstances.  In Campbell v. Galloway, 483 F.3d 258 (4th Cir. 2007), the appellate court concluded that the plaintiff's sexual-harassment complaint was protected speech because, under the circumstances and facts of that case, the court could not rule out the possibility that the plaintiff was speaking as a citizen on a matter of public concern.  When it came to qualified immunity, however, the appellate court held that a reasonable official may not have known that such speech was protected: "In our view, the speech at issue in this case falls within the gray area between speech that clearly is a matter of public concern and speech that clearly is not a matter of public concern....  Although we have concluded that Campbell's complaints do touch on a matter of public concern, ... the question is a close one....  Because the facts of this case are close enough to the ill-defined line between private speech and speech involving matters of public concern, we cannot hold the defendants responsible for their reasonable but incorrect

**guess about how the law would apply to the facts of this case." 483 F.3d at 271-272. This court believes that such reasoning, to the extent it addresses the clearly-established prong of qualified immunity, applies to this case as well and adopts it accordingly.**

**DONE, this the 11th day of June, 2007.**

　　　　　　　　　　　　　　　　　　 /s/ Myron H. Thompson　　
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**