IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| JAMES H. SHORTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:05cv83-MHT |
| | ) | (WO) |
| AUBURN UNIVERSITY AT | ) | |
| MONTGOMERY, et al., | ) | |
| | ) | |
| Defendant. | ) | |


OPINION AND ORDER

This case is before the court on pro-se plaintiff
James H. Shortz's motion for review of defendants' bill of
costs.  Shortz's motion will be denied as untimely.  And
even if the motion were timely, it lacks merit.


I. BACKGROUND

In 2005, Shortz filed this lawsuit against defendants
Auburn University at Montgomery and two university police
officials, Jay Gardner and Nell Robinson, in their

individual capacities.  Shortz alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17, and speech retaliation in violation of the First Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.  This court entered summary judgment against Shortz on December 29, 2006, and denied motions for reconsideration on June 11 and July 10, 2007.

In entering summary judgment, this court followed its standard practice in further ordering that "costs are taxed against plaintiff, for which execution may issue." J. (doc. no. 93) at 2.  The defendants then filed a bill of costs for $ 2,228.00, itemizing fees for transcripts of depositions, exhibits, and other papers necessarily obtained for use in this case.  On January 9, 2007, the clerk of the court signed the bill of costs, thereby incorporating the bill into the judgment against Shortz. On January 22, Shortz filed the pending motion to review the defendants' costs, arguing that the defendants have "already submitted distorted, falsified and perjured

2

documents in these proceedings" and that he was therefore suspicious of the bill of costs they submitted.  Pl. Mot. (doc. no. 97) at 1.


## II. DISCUSSION

The defendants argue that Shortz's motion should be rejected because it is untimely.  They are correct.

Under Rule 54(d)(1), any objection to the bill of costs must be made within five days of the clerk's action incorporating the bill into the judgment.  <u>Sayers v. Stewart Sleep Center, Inc.</u>, 140 F.3d 1351, 1352-53, 1354 (11th Cir. 1998).  Rule 6(a) of the Federal Rules of Civil Procedure governs the computation of this five-day window. Applying Rule 6(a)'s exclusion of the day the clerk taxed the costs (January 9, 2007) and weekends and holidays, Shortz's motion was due on the last day of the five-day period, January 17.  However, Shortz did not serve his motion until January 22 and thus did not comport with the five-day limitation period under Rule 54(d)(1).

3

It has been noted that the five-day period is not jurisdictional and that the court may in its sound discretion act upon an untimely motion regarding costs. <u>Baum v. United States</u>, 432 F.2d 85, 86 (5th Cir. 1970); <u>United States v. Kolesar</u>, 313 F.2d 835, 837 n.1 (5th Cir. 1963).[*] However, <u>Baum</u> and <u>Kolesar</u> rely on Rule 6(b) of the Federal Rules of Civil Procedure, which provides that:

> "When by these rules … an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion … upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Under the terms of this provision, the court may enlarge the five-day period retroactively only if Shortz demonstrates that his untimeliness was due to excusable neglect.  The excusable-neglect standard is a relatively forgiving one.  See <u>Pioneer Inv. Servs. Co. v. Brunswick</u>

_____

[*] In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

<u>Assocs. Ltd. Partnership</u>, 507 U.S. 380 (1993); <u>Advanced Estimating Sys., Inc. v. Riney</u>, 77 F.3d 1322, 1325 (11th Cir.1996); <u>United States v. Pippin</u>, 473 F.Supp.2d 1171, 1173 (M.D. Ala. 2006) (Thompson, J.).  However, it <u>is</u> a standard, and it must be applied.  See <u>Riney</u>, 77 F.3d at 1325; <u>cf</u>. <u>Byrd v. City of New York</u>, 75 F.Supp.2d 232, 234 (S.D.N.Y. 1999) (Sprizzo, J.) (excusable-neglect standard requires that movant proffer <u>some</u> reason for untimeliness).  Shortz provides the court with no explanation, let alone an excusable one, for his failure to meet the January 17 deadline.  Consequently, Rule 6(b) does not forgive the untimeliness of Shortz's motion.

This court has strictly applied the five-day limitation period of Rule 54(d)(1).  In <u>Reinhart v. Shaner</u>, 234 F.R.D. 698 (M.D. Ala. 2006) (Thompson, J.), this court denied the plaintiff's motion to strike the defendant's bill of costs because the motion was filed two days late and the movant provided no reason for its untimeliness.  Here the situation is no different.

5

2005-cv-00083-MHT-CSC   Document 109   Filed 07/20/07   Page 6 of 7

Even if Shortz's motion were timely or its untimeliness excused, it would be denied for lack of merit. The only specific, comprehensible basis Shortz provides for his objection to the bill of costs is the following:

> "Plaintiff suspects that, since Defendants have already submitted distorted, falsified and perjured documents in these proceedings and have not been charged with any impropriety, Defendants have acquiesced in that state of mind and could continue in that contemptible behavior. Furthermore, Plaintiff is suspicious that, since Defendants are not reputable and trustworthy, their BILL OF COSTS documents should be carefully REVIEWED in the interest of JUSTICE."

Pl. Mot. (doc. no. 97) at 1. Shortz produces no evidence that the defendants have submitted "distorted, falsified and perjured documents in these proceedings," nor does the court share Shortz's suspicion. In fact, the defendants' costs were carefully documented with invoices and an affidavit. See Def. Bill of Costs (doc. no. 94). The court sees no reason to doubt that these submissions and

exhibits are genuine, submitted in good faith, and not fraudulent.

Accordingly, it is ORDERED that plaintiff James H. Shortz's motion for review of defendants' bill of costs (doc. no. 97) is denied.

DONE, this the 20th day of July, 2007.

         /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE